# United States District Court
### for the
# District of Alaska

### Petition for Warrant or Summons for Offender Under Supervised Release

Name of Offender: Michael B. Buzby                           . Case Number: 4:01CR00022-001

Sentencing Judicial Officer:    John W. Sedwick, Chief U.S. District Court Judge

Date of Original Sentence:    January 7, 2002

Original Offense:    Manufacturing a Controlled Substance in violation of
21 U.S.C. § 841 (a)(1)

Original Sentence:    37 months imprisonment, three years supervised release including
mandatory, standard and special conditions and a $1,000 fine

Date Supervision Commenced:    July 22, 2004

Asst. U.S. Attorney: Stephen Cooper                    Defense Attorney: Lori M. Bodwell

---

## PETITIONING THE COURT

[X]    To issue a warrant
[ ]    To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The defendant has violated the Special Condition of Supervision "In addition to submitting to drug testing in accordance with the Violent Crime Control and Law Enforcement Act of 1994, at the discretion of the probation officer, the defendant shall participate in a program approved by the United States Probation Office for substance abuse treatment, which program shall include counseling and/or testing to determine whether the defendant has reverted to the use of drugs or alcohol," in that between December 12, 2005 and March 9, 2006, at Fairbanks, Alaska, the defendant failed to comply with drug testing as directed. This violation is a Grade C violation. |
| 2 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime," in that on or about December 28, 2005, at Fairbanks, Alaska, the defendant was convicted of Driving While License Suspended.  This violation is a Grade C violation. |
| 3 | The defendant has violated the Standard Condition of Supervision 2, "The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month," in that for the months of January and February, 2006, the defendant failed to report to the U.S. Probation Office as instructed.  This violation is a Grade C violation. |

4        The defendant has violated the Standard Condition of Supervision 6, "The defendant shall notify the probation officer at least ten days prior to any change of residence or employment," in that on or about February 1, 2006, in Fairbanks, Alaska, the defendant failed to notify this officer of a change in his employment. This violation is a Grade C violation.

5        The defendant has violated the Standard Condition of Supervision 6, "The defendant shall notify the probation officer at least ten days prior to any change of residence or employment," in that on or about February 1, 2006, at Fairbanks, Alaska, the defendant failed to notify this officer of a change in his residence. This violation is a Grade C violation.

6        The defendant has violated the Special Condition of Supervision "The defendant shall comply with mental health treatment as ordered by the Court," in that between January 12 and March 9, 2006, in Fairbanks, Alaska, the defendant has failed to participate and comply fully with the mental health treatment program. This violation is a Grade C violation.

7        The defendant has violated the Standard Condition of Supervision number three, in that the defendant has failed to follow the instructions of the U.S. Probation Officer regarding the defendant's placement at North Star Center Community Correctional Center. This violation is a Grade C violation.

8        The defendant has violated the Standard Condition of Supervision number three, the defendant failed to follow the instructions of the U.S. Probation Officer regarding monthly restitution payments in accordance with the schedule of payments. This violation is a Grade C violation.

9        The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime, in that on or about February 2, 2006, at Fairbanks, Alaska, the defendant failed to report to Fairbanks Correctional Center to serve imprisonment time imposed on state case of Driving While License Suspended. This violation is a Grade C violation.

U.S. Probation Officer Recommendation:

The term of supervised release should be:

      [X]    Revoked
      [ ]    Extended for _____ year(s), for a total term of _____ years

Respectfully submitted,

Toni M. Ostanik
U.S. Probation/Pretrial Services Officer
Date: March 9, 2006

Approved by:

Marci D. Lundgren
Senior U.S. Probation Officer

THE COURT ORDERS

[X]  *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition,*
*probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and*
*disclosed only to the U.S. Attorney for their official use, until the arrest of the offender.* The
petition for supervised release revocation is referred to the Magistrate Judge for initial
appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate
Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned
District Court Judge.

[ ]  The issuance of a summons. The Petition for Supervised Release revocation is referred to the
Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any,
will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be
before the undersigned District Court Judge.

[ ]  Other:

REDACTED SIGNATURE

John W. Sedwick
Chief U.S. District Court Judge

March 14, 2006
Date

-3-

*Petition for Warrant or Summons*
*Michael B. Buzby*
*4:01CR00022-001*

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.

**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
for the
# DISTRICT OF ALASKA

)
**UNITED STATES OF AMERICA** )
) Case Number: 4:01CR00022-01 (JWS)
)
vs. ) DECLARATION IN SUPPORT OF PETITION
)
)
MICHAEL B. BUZBY )

I, Toni M. Ostanik, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for Michael B. Buzby, and in that capacity declare as follows:

On July 22, 2004, the defendant was released from the custody of the Federal Bureau of Prisons and began serving his three years of supervised release. On July 23, 2004, conditions of supervised release were read and explained to the defendant by this officer. The defendant was placed on random urinalysis monitoring.

On December 5, 2005, due to multiple violations, the defendant and this officer discussed the defendant's placement at North Star Center Community Correctional Center, for a period of up to 60 days. This option was presented to assist the defendant in obtaining stability in his life, continue with employment to make restitution payments, but also recognize that while on supervised release, there may be consequences when conditions of supervised release are not complied with. The defendant agreed and signed a Request for Modification of Conditions of Supervised Release. On February 5, 2006, the Honorable John W. Sedwick, approved the modification of conditions.

The defendant last submitted a urine specimen on December 7, 2005. On December 9, 2005, the defendant was contacted by this officer and Supervising U.S. Probation Officer Eric Odegard during a home contact. The defendant's next urinalysis was scheduled for December 12, 2005, which the defendant failed to report for and has failed to report for any other urinalysis' thus far.

On December 28, 2005, the defendant was convicted of Driving While License Suspended and sentenced by the Honorable Judge Kauvar, Fourth Judicial District, for the State of Alaska. The defendant was sentenced to 240 days jail with 120 days suspended and to turn himself into Fairbanks Correctional Center on February 2, 2006.

On January 18, 2006, this officer received a letter from the defendant via regular mail, which indicated the defendant recognized he had "messed up badly", and was scared of the consequences. In the letter, the defendant went onto explain that during the month of December the defendant had been preoccupied with the holidays and family and had forgotten to call into comply with drug testing and realized he had already missed some scheduled urinalysis'. The defendant admitted in the letter that instead of dealing with the missed urinalysis', he would wait until after Christmas. Following the Christmas holiday, the defendant's former girlfriend and mother of defendant's two children, had two family fatal tragedies, which this officer confirmed from the Daily New's Miner. The defendant concluded the letter by requesting that this officer consider the extensive strain and turmoil the defendant had been under, and to show mercy.

Following the arrival of this letter, it was this officer's intention to follow through with the defendant's placement at North Star Center and continue on with supervised release. However; due to several reasons, this officer no longer sees the modification as a suitable consequence. The defendant failed to turn himself into Fairbanks Correctional Center on February 2, 2006, as ordered by the Honorable Kauvar, for the State of Alaska, the defendant has not been seen by this officer since December 9, 2006, the whereabouts of the defendant are unknown, the defendant no longer is employed with his reported employer, Big State Logistics and this officer is unaware of where the defendant is residing. The defendant is currently in total non-compliance with his conditions of supervised release.

This officer confirmed with the defendant's former supervisor at Big State Logistics, that the defendant's last day of employment was January 31, 2006. The defendant's last known residence was at his former employment, Big State Logistics.

On February 14, 2006, the State of Alaska issued a "No Bail" warrant for the defendant's arrest, due to his failure to report to jail as instructed by the Honorable Kauvar.

The current whereabouts of the defendant are unknown and this officer is requesting a warrant.

Executed this 9th day of March, 2006, at Fairbanks, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Toni M. Ostanik
U.S. Probation Officer